IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANG LI, | : | CIVIL ACTION NO. **1:CV-05-0279** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CRAIG APKER, Warden, | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

On February 9, 2005, Petitioner, Sang Li, an inmate at the Low Security Correctional Institution at Allenwood, White Deer, Pennsylvania ("LSCI-Allenwood") filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which consists of one typed page with an exhibit and two typed motions attached thereto.   The first motion is an Application for Successive § 2255 Motion captioned as being in the United States Court of Appeals for the First Circuit (3 pages), and the second motion is a Successive Motion to Vacate, Correct or Reduce Sentence under § 2255 or under Savings Clause Petition for Writ of Habeas Corpus under § 2241, § 2255, captioned as being in the United States District Court for the District of Massachusetts (13 pages).   (Doc. 1 and attached Motions).[1]   Petitioner paid the requisite filing fee.   (Doc. 3).

---

[1]In fact, after the first page of his Habeas Petition, the Petitioner, in his first stated application for leave to file a successive § 2255 petition, refers to his docket number from the First Circuit Court of Appeals, No. 04-2518.  Attached to the Petition as an exhibit is a Judgment from the First Circuit Court of Appeals dated November 30, 2004, denying Petitioner's application to file a successive § 2255 motion.  (Doc. 1, Ex. 1).  The Appeals Court also denied Petitioner's request alternatively seeking his application to be treated as a § 2241 petition with a request to transfer it to the appropriate district court without prejudice to Petitioner filing his § 2241 petition on his own in the district court.  The Appeals Court stated that "we take no position on whether relief under § 2241 is available, as that matter is not now properly before us in the first instance." (Doc. 1, Ex. 1).

We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)).  *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2]

## I.  Background.

In 1996, Petitioner was charged in the United States District Court for the District of Massachusetts in Criminal No. CR-96-10255-REK.  Following a jury trial in the United States District Court for the District of Massachusetts in April, 1997, the Petitioner was convicted of conspiracy to bring aliens into the United States for purposes of commercial advantage, alien smuggling, conspiracy to bring aliens into the United States at a place other than a designated port of entry, and attempting to bring aliens into the United States at a place other than a designated port of entry, in violation of 18 U.S.C. § 371 and 8 U.S.C. §§ 1324 (a), *et seq.*  (Doc. 1, Application for Successive § 2255 Motion, p. 1).  Petitioner was sentenced on the stated offenses to 144 months in prison.  Petitioner's term of imprisonment was to be followed by three (3) years of supervision.  (*Id.*).[3]  Petitioner appealed his conviction and sentence to the First Circuit Court of Appeals, and he states that this Court affirmed them in two separate decisions. (*Id.*, p. 2).  Petitioner's appeal was denied in 2000, and his judgment and sentence were affirmed  by the United States Court of Appeals for the First Circuit.  Petitioner cites to *U.S. v. Li*, 206 F. 3d 56 (1st Cir. 2000) (*en banc*).  The

_____

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[3]Portions of Petitioner's procedural history  are also found in his § 2255 Motion addressed to the District Court for the District of Massachusetts attached to his Habeas Petition, Doc. 1.

appeal raised treaty-based challenges to Petitioner's conviction under the Vienna Convention and the Bilateral Convention.  This appeal was decided on February 29, 2000.[4]

The Petitioner states that the First Circuit Appeals Court's second decision affirming his conviction and sentence was rendered in *U.S. v. Li*, 206 F. 3d 78 (1st Cir. 2000).  (*Id*.).  In this appeal case, the Petitioner challenged, in part, his sentence based on the sentencing court's sentencing departures and enhancements or adjustments to his offense level.

Petitioner's petition for writ of *certiorari* to the United States Supreme Court was denied. (*Id*.).  Thus, Petitioner's conviction is now final.

The Petitioner states that he then filed a § 2255 motion in the United States District Court of Massachusetts seeking to vacate his conviction, but states that it was denied.  (*Id*.).  Thus, it is apparent that Petitioner filed a  motion pursuant to 28 U.S.C. § 2255 with the sentencing court seeking to modify his sentence.  (*Id*.).

After unsuccessfully trying to vacate his sentence *via* his §2255 motion in the District Court, the Petitioner states that he applied for a certificate of appealability with the First Circuit Appeals Court, but that it was denied.  According to Exhibit 1 attached to the Habeas Petition, the First Circuit issued its Judgment denying Petitioner's application to file a successive § 2255 petition on

---

[4]The full procedural and factual history of Petitioner's conviction is contained in the appeal court decision, 206 F. 3d at 58-60.  The appeal case indicates that Petitioner was indicted on November 5, 1996, and that he was arrested on November 15, 1996.  A superseding indictment was filed against Petitioner on March 18, 1997.  The Petitioner's stated four charges in the superseding indictment are referenced in the appeal court decision.  206 F. 3d at 59.  In or about April, 1997, Petitioner was convicted on all four charges after a 12-day jury trial.  Petitioner then challenged his conviction as being in violation of the Vienna Convention and the Bilateral Convention.  *Id*. at 59-60.

November 30, 2004.  As noted, the Appeals Court did not take any position as to whether

Petitioner had relief available if he filed a § 2241 in the District Court.  Petitioner then filed the

instant §2241 Habeas Corpus Petition in this Court on February 9, 2005. (*Id*.).  Thus, the Petitioner

did file a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence with the

sentencing court.

In his Habeas Petition, Petitioner states that the District Court enhanced his sentence

> under U.S.S.G. [U.S. Sentencing Guidelines] § 2L1.1 by 3 points for alleged,
> inhumane treatment; and under U.S.S.G. § 2L1.1 (b) (2) by 6 points for alleged
> smuggling, transporting, or harboring of 100 or more "<u>unlawful aliens</u>"; and under
> U.S.S.G. § 2L1.1 (b)(2)(C) denied a downward departure for failure to prove [to the
> jury that he] smuggled for profit; conflicting with an increase under U.S.S.G. § 2L1.1
> (b)(1) upward.

(*Id*., pp.1-2).

The Petitioner states that the Court improperly imposed a total nine-level enhancement for

inhuman treatment  (3 levels) and for smuggling 100 or more unlawful aliens  (6 levels)  pursuant

to the United States Sentencing Guidelines.  (*Id*., p. 2).  The Petitioner objects to the nine-point

enhancement and contends that based on *Blakely v. Washington,* 124 S. Ct. 2531 (2004), and *U.S.

v. Booker*, 125 S. Ct. 738 (2005),  the Court could not enhance his sentence based on facts which

were not submitted to and found by the jury.  (*Id*.).[5]

Petitioner states that he unsuccessfully challenged the nine-point enhancement before the

District Court in a § 2255 motion.  Now, almost eight years after his conviction (April, 1997),

---

[5]The Petitioner claims that the nine-point enhancement for the stated factors, which he received at his sentencing, is improper based on the recent United States Supreme Court cases of *U.S. v. Booker*, 125 S. Ct. 738 (2005), and  on *Blakely v. Washington,* 124 S. Ct. 2531 (2004). (Doc. 1, p. 1).  Petitioner claims that these enhancements violated his Sixth Amendment right to trial by jury since they were only found by the sentencing court.  (*Id*.).

Petitioner claims that the *Booker* case supports his claim that his nine-level enhancement had to be submitted to and found by the jury, and that it should not have been determined by the Court. (Doc. 1, p. 1).[6]  Petitioner thus filed the instant Habeas Petition with this Court on February 9, 2005.  Petitioner states as follows:

> that he was never found guilty of the allegations used by the district court for the ehansements (sic) at sentencing in a trial by jury.  As such, Petitioner is in custody in violation of his Sixth Amendment right to a trial by jury.

(Doc. 1, Application for Successive § 2255 Motion, p. 2).

Petitioner also states that "[w]hether or not the Supreme Court made Blakely [and presumably *Booker]* retroactive, is of no consequence, because Petitioner is in custody presently suffering from the denial of his Sixth Amendment right to a trial by jury.  Retroactivity is only required to reach back to invalidate an unlawful sentence." (*Id*.).  Petitioner concludes that "Blakely applies right here, and right now." (*Id*.).

According to the United States Court of Appeals' November 30, 2004, Judgment, Petitioner's application to file a successive § 2255 motion was denied.  (Doc. 1, Ex. 1).  Petitioner seemingly asserts that he now lacks a remedy in the sentencing court and that he has a legitimate challenge to his sentence due to an intervening change in the law, *i.e.* the *Blakely* and *Booker* cases. (*Id*., p. 1).  Thus, he seems to claim that a § 2241 habeas petition is his recourse.  Petitioner further seems to state that regardless of whether *Booker* is given retroactive application, he was deprived of his Sixth Amendment right to a jury trial regarding the sentencing enhancements and his

---

[6] Additional details of Petitioner's challenge to his sentencing adjustments to his offense level are contained in the second Appeals Court decision, 206 F. 3d at 89-91.

imprisonment is unlawful.

Petitioner claims that his sentence of 144 months imprisonment was the result of improper enhancements made by the District Court based on facts not found by the jury beyond a reasonable doubt and that this amounts to "a denial of his Sixth Amendment right to a trial by jury." (Doc. 1, Application for Successive § 2255 Motion, p. 2). Petitioner states that his sentence was enhanced by nine levels based on the sentencing court's findings, not findings made by the jury. Petitioner argues that this caused an increase in his base offense level and a denial of a three-level decrease. 206 F. 3d at 89-91.

The Petitioner contends that his sentence could not have been enhanced based on the stated findings made only by the Court at sentencing, since these findings were not proven beyond a reasonable doubt and found by the jury at his trial. Petitioner claims that his sentence, which was the result of the sentencing court adding a 9-level enhancement for offenses he was not charged with and convicted of, exceeded the guideline range which the District Court could have imposed. Petitioner is deemed as seeking the correction of his sentence, which he states is improper, in light of *Blakely, supra,* and *Booker*, *supra,* which he states apply regardless of whether the Supreme Court made them retroactive to cases on collateral review because "Petitioner is only challenging fact or duration of confinement." (Doc. 1, p. 1).

Petitioner directly appealed his April, 1997, judgment and sentence to the United States Court of Appeals for the First Circuit, and his judgment and sentence were affirmed in February, 2000. 206 F. 3d 56 and 206 F. 3d 78. Petitioner subsequently filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the United States District for the District of Massachusetts. Said motion was

denied.  Petitioner was denied his application to file a successive § 2255 motion.  (Doc.,1, Ex. 1).

The Petitioner then filed the instant Petition for Writ of Habeas Corpus pursuant to

28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania on

February 9, 2005.  Petitioner seemingly claims that the decision reached in *Booker* is an intervening

change in the law which he could not raise in a § 2255 motion, and as such, § 2255 is inadequate

or ineffective to raise the issue.  Thus, Petitioner seems to assert that the legal basis of his claim

under *Booker* was unavailable and he could not raise it at the time of his previous direct appeal and

§2255 motion.  Petitioner states that § 2255 is inadequate or ineffective as to his claim, since it is

based on an intervening change in the law, giving him no remedy with the sentencing court.

Petitioner argues that regardless of whether *Booker* should be applied retroactively to cases on

collateral review, his present § 2241 habeas petition should be heard since he is suffering from a

denial of his Sixth Amendment right to a trial by jury.[7]

Petitioner maintains that the District Court unconstitutionally applied the Sentencing

Guidelines and enhanced his sentence by 9 levels, as he was sentenced to a term of imprisonment

(*i.e.*, 144 months) exceeding the offenses of which the jury found him guilty.  Therefore, the

Petitioner argues that his sentence should be corrected to reflect a sentence within the applicable

sentencing range for an offense  level nine below the level the sentencing court used.[8]

---

[7]This Court in *U.S. v. Shade*, No. 1:CR-02-144-02, M.D. Pa. August 18, 2004, held that *Blakely* does not apply retroactively on collateral review.  *See also Garcia v. U.S.*, 2004 WL 1752588 (W.D.N.Y.); *U.S. v. Stoltz*, 2004 WL 1619131 (D. Minn.).

[8]According to the First Circuit Court of Appeals, Petitioner received a sentencing departure of 10-11 levels.  206 F.3d at 89.  The appellate court found that the sentencing "court did not err in imposing the six-level increase under § 2L1.1(b)(2)(C)" due to its finding that more

**II. Discussion.**

Petitioner filed the present Habeas Petition pursuant to 28 U.S.C. §2241, arguing that Section 2255 is inadequate and ineffective based upon the recent Supreme Court case of *Booker*, *supra*, "in which the Supreme Court held that under the Sixth Amendment, a Defendant cannot be sentenced for facts not found in a trial by jury." (Doc. 1, Application for Successive § 2255 Motion, p. 2).

In his present Petition, Petitioner seeks to challenge his sentence as in excess of the guideline range allowed for the offenses of which the jury found him guilty. Petitioner states that the factors found by the sentencing court to enhance his sentence were not offenses for which he was convicted by the jury, and since he was not found guilty, beyond a reasonable doubt, of committing these factors, these findings of the District Court were an improper basis to enhance his sentence guideline range.

This Court has considered similar claims in other cases and has consistently found that § 2241 Petitions challenging sentencing enhancements should be dismissed for lack of jurisdiction.[9]

----

than 100 aliens were involved in petitioner's crime. *Id.* at 90. The Petitioner, in his appeal, did not claim that the sentencing court improperly gave him an upward departure of 3 offense levels for inhumane treatment. *Id.* at 85.

[9]Recently, this Court stated in a similar § 2254 habeas petition that "to the extent Petitioner seeks to challenge his sentence under *Apprendi*, the proper vehicle would be to seek permission to do so *via* a successive § 2255 petition with the sentencing court." *Harris v. Williamson*, Civil No. 3:04-1227, M.D. Pa., July 22, 2004, at p. 4 (J. Nealon). As stated, in the present case, the Petitioner has not been permitted to file a successive § 2255 motion with respect to his current April, 1997, sentence. (Doc. 1, Ex. 1). In the case of *Taylor v. Williamson*, Civil No. 05-298, M.D. Pa., March 11, 2005, at p. 2 (J. Nealon), this Court found that the *Blakely* petitioner's claim challenging his 2-point enhancement for firearm possession, asserted

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993

---

in his §2241 habeas petition "is construed as nothing more than a successive § 2255 motion, which cannot be sustained absent certification by the court of appeals." As stated, in the present case, the Petitioner has filed a § 2255 motion with respect to his current sentence, and he sought permission from the Appeals Court to file a successive §2255 motion, but it was denied. Regardless, the Petitioner's recourse is a § 2255 motion, and the denial of permission to file a successive § 2255 motion does not render this remedy ineffective.

(1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972).  As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition.   The Third Circuit stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir. 2002), *cert. denied,* 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted).

Clearly, the claim Petitioner presents in this Petition, challenging the length of his sentence and seeking to vacate it,[10] is within the purview of §2255.  Petitioner claims that he was not convicted of the enhancements found by the sentencing court and that he was improperly found responsible for inhuman treatment and smuggling 100 or more unlawful alines even though he was not convicted of these offenses by the jury, and that as a result, he was given a sentence based on a 9-point increased guideline level.  Petitioner claims that the sentencing court imposed a sentence of 144 months, which was beyond the range for a sentence with an Offense Level applicable to his crimes which the jury found, based on the Court's stated findings of which he was not convicted

---

[10]Petitioner contends that the guideline offense level  to which he should have been subjected for his convicted offenses, was unlawfully enhanced by the sentencing court, by unconstitutionally applying the Sentencing Guidelines, when it raised his offense  level by 9 points  based on its own finding of factors not found by the jury.  Petitioner claims that his sentence exceeded the maximum sentence allowable for the offenses of which he was found guilty by the jury.

by the jury.  Petitioner did  seek permission to file a successive § 2255 motion with respect to his

April, 1997, sentence, which he is currently serving, but his application was denied. (Doc. 1, Ex.

1).

In support of his efforts to have his Petition heard as a § 2241, the Petitioner argues that he

is not procedurally barred from filing his present Petition since §2255 is inadequate or ineffective

because relief is not available to him under § 2255.  (Doc. 1, Application for Successive § 2255

Motion, p. 3).  Petitioner also seems to state that the 9-level enhancement made by the sentencing

court was not subjected to the constraints of *Booker*.  We find no merit to these arguments even

though Petitioner's request to submit a successive §2255 motion, in which he could have raised his

present claims in such a motion, was denied.  In his Petition, Petitioner is challenging sentencing

enhancements which were based on the sentencing court's findings of the stated factors. Petitioner

claims that, if he was sentenced in accordance with the maximum guideline range allowed for an

offense level for the crimes of which the jury convicted him without the 9-level enhancement made

by the sentencing court, he would have been facing a shorter term of imprisonment.   Thus,

Petitioner maintains that his sentence exceeds the guideline range which would have been allowed

if he was sentenced in accordance with the proper penalties for his charged and convicted offenses.

We find Petitioner's claims to be unavailing in light of the law of this Circuit.

Petitioner is claiming that his sentence was unconstitutionally enhanced in light of the recent

Supreme Court case of *Booker*, arguing that his penalty was increased by the sentencing court's

findings of which he was not convicted by the jury.  We find that Petitioner's recourse is to again

seek permission to file a successive motion under 28 U.S.C. § 2255 with respect to his April, 1997,

11

sentencing.  With regard to the Petitioner's sentencing argument, as discussed, we find that this is clearly an issue that is to be raised in a § 2255 petition.  The Petitioner must seek his relief *via* that vehicle.  *Okereke, supra; Taylor, supra*.

In this case, notwithstanding the fact that the Petitioner has already filed a  §2255 motion regarding the sentence for which he is presently incarcerated, he does not  demonstrate a personal inability to utilize this remedy.  Even though he filed a previous §2255 motion as to his  April, 1997, conviction, he does not establish the inadequacy or ineffectiveness of the remedy itself.   See *Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.")**.**

We find that the present Habeas Petition should be dismissed for lack of jurisdiction.  In the case of *Okereke,* 307 F. 3d at 120, the Third Circuit held that a petitioner's case did not fit within the narrow exception of *In re Dorsainvil* on the basis that *Apprendi*[11] was an intervening change in the law that petitioner could not have predicted and used as the ground of a §2255 motion.  The Court further stated that, "[u]nlike the intervening change in law in *In re Dorsainvil* that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi* dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.  Accordingly, under our *In re Dorsainvil* decision, § 2255 was not inadequate or ineffective for Okereke to raise his *Apprendi* argument." *Id.* at 120-121.

The Third Circuit again found that in a case similar to our Petitioner's, the District Court properly held that the petitioner could not file his petition under §2241.  In the case of *Reaves v. Lewisburg,* —F. 3d—, 2003 WL 193951 (3d Cir.(Pa.)), the petitioner claimed that §2255 was an inadequate and ineffective means to raise an *Apprendi* claim.  The court stated that the petitioner's argument was "foreclosed by our decision in *Okereke...*, where we held that under *In re Dorsainvil*, §2255 is not inadequate or ineffective for individuals to raise *Apprendi* claims."  The court went on to state that *"Apprendi* dealt with sentencing and did not render the drug law at issue non-criminal.  *Okereke* is dispositive of that issue here." Thus, the court held that the petitioner was

---

[11]     In *Apprendi*, the Supreme Court found that a jury should decide whether a sentence should be enhanced.  The Court stated that if enumerated aggravating factors operate as "the functional equivalent of an element of a greater offense," *Apprendi v. New Jersey*, 530 U.S. at 494, n. 19, the Sixth Amendment requires that they be found by a jury.

not entitled to file his petition under §2241.[12]   Further, *Apprendi* and *Blakely*[13] dealt with

sentencing, as do our Petitioner's claims.  Clearly, the Third Circuit has held that  § 2255 is not

inadequate or ineffective to raise such claims.

As noted above, this Court has already held that *Blakely* does not apply retroactively to cases

on collateral review. *Shade, supra.*  Our Petitioner's judgment of conviction became final when the

United States Supreme Court denied his petition for writ of *certiorari*, which was  before *Booker*

was decided (January 12, 2005).  This Court very recently noted in *U.S. v. Brown*, 2005 WL 318701

(M.D. Pa.), *5, n. 5., that the Supreme Court in *U.S. v. Booker*, 125 S.Ct. 738, 769 (2005),

"explicitly stated that its *Booker* decision applied to all cases 'pending on direct review or not yet

final.'"(citation omitted).  Our Petitioner's case is not pending on direct review, and his April, 1997,

Judgment and Conviction is final.

In another recent case, *U.S. v. Barnes,* 2005 WL 217027 (E.D. Pa.), *2, the Court stated that

a motion for reduction of sentence under *Booker* was essentially a § 2255 motion.  In the present

Habeas Petition, Petitioner is basically filing a *Booker* motion for reduction of his 144-month

---

[12]In a recent unreported slip opinion, the Third Circuit cited to *Okereke*, 307 F.3d at
120-121, and once again held that *In re Dorsainvil* did not extend to *Apprendi* claims.  *Ilodi v.
Gerlinski*, C.A. No. 01-4421 (3d Cir. 2003) (Per Curiam).

[13]The Supreme Court in *Blakely v. Washington*, *supra*, invalidated a convict's sentence
which, under the Washington State sentencing guidelines, was given an upward departure by
the sentencing court based on facts not established by the jury's verdict and not proven beyond
a reasonable doubt.  In *Blakely*, the state court sentenced the defendant to more than three
years above the 53-month standard guideline range for second degree kidnaping, to which the
defendant pled guilty, but below the ten-year maximum for class B felonies, based on the
court's own finding (not admitted to by the defendant or found by a jury) that defendant acted
with deliberate cruelty.

sentence.  He seemingly asks this Court to reduce his sentence and to resentence him as required

by *Booker.*   As the *Barnes* Court held, Petitioner's motion for reduction of sentence under *Booker,*

"is tantamount to a motion under 28 U.S.C. §2255". *Id*.  Also, as in *Barnes,* our Petitioner's Habeas

Petition seeking a reduction of sentence under *Booker,* clearly is really a  § 2255 motion and

therefore, his Habeas Petition should be dismissed.[14]

Based upon the now well-settled case law in this Circuit, Petitioner's Habeas Corpus Petition

should be dismissed for lack of jurisdiction without directing service of it on Respondent.

**III.  Recommendation.**

Based upon the foregoing, it is respectfully recommended that the Petition be dismissed.

<div style="margin-left: 40%;">

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

</div>

**Dated: March 28, 2005**

---

[14]We note that in *U.S. v. Brown*, 2005 WL 78926 (E.D. Pa.) at *9, the District Court for the Eastern District PA also found that *Blakely* does not apply retroactively to cases on collateral review.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANG LI, | : | CIVIL ACTION NO. **1:CV-05-0279** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CRAIG APKER, Warden, | : | |
| | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **March 28, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

16

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

<div align="center">

s/ **Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

</div>

**Dated: March 28, 2005**