# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SANG LI,

    Plaintiff,

    v.

CRAIG APKER,

    Defendant.

CIVIL ACTION NO. 3:05-CV-0279

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 4), and Petitioner's Objections to Magistrate's Report and Recommendation (Doc. 5).  For the reasons set forth below, Petitioner's Objections to the Magistrate's Report and Recommendation will be overruled and the Court will adopt the Report and Recommendation.  Therefore, Petitioner's Habeas Corpus Petition will be dismissed for lack of jurisdiction.

## BACKGROUND

In April 1997, Following a jury trial in the United States District Court for the District of Massachusetts, the Petitioner was convicted of conspiracy to bring aliens into the United States for purposes of commercial advantage, alien smuggling, conspiracy to bring aliens into the United States at a place other than a designated port of entry, and attempting to bring aliens into the United States at a place other than a designated port of entry, in violation of 18 U.S.C. § 371 and 8 U.S.C. §§ 1324 (a), *et seq*.  (Doc. 1, Application for Successive § 2255 Motion, at 1.)

1

Petitioner was sentenced on the stated offenses to 144 months in prison. Petitioner's term of imprisonment was to be followed by three (3) years of supervision. *Id.* Petitioner appealed to the First Circuit Court of Appeals, and he states that the First Circuit affirmed his conviction and sentence in two separate decisions. *Id.* at 2. The Petitioner states that the First Circuit's second decision affirming his conviction and sentence was rendered in *U.S. v. Li*, 206 F. 3d 78 (1st Cir. 2000). *Id.* In that appeal, the Petitioner challenged, in part, his sentence based on the sentencing court's sentencing departures and enhancements or adjustments to his offense level. Following his appeals, Petitioner's petition for writ of certiorari to the United States Supreme Court was denied and Petitioner's conviction is now final.

Petitioner then filed a 28 U.S.C. § 2255 motion in the United States District Court of Massachusetts seeking to vacate his conviction. His motion was denied. Petitioner then applied for a certificate of appealability with the First Circuit Appeals Court, which was also denied. Petitioner's application to file a successive § 2255 petition was also denied. However, as noted, the First Circuit did not take a position as to whether Petitioner had relief available if he filed a petition under 28 U.S.C. § 2241 in the District Court. (Doc. 1, Ex. 1.)

The Petitioner then filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, on February 9, 2005. In his Habeas Petition, Petitioner argues that the Court improperly imposed a nine-level enhancement pursuant to the United States Sentencing Guidelines for inhuman treatment (3 levels) and for smuggling 100 or more unlawful aliens (6 levels). *Id.* at 2. The Petitioner contends that pursuant to *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *U.S. v. Booker*, 125 S. Ct. 738 (2005), the

2

Court could not enhance his sentence based on facts which were not submitted to and found by the jury. *Id.* Petitioner claims that his sentence of 144 months imprisonment was, thus, the result of improper enhancements made by the District Court and that this amounts to "a denial of his Sixth Amendment right to a trial by jury." (Doc. 1, Application for Successive § 2255 Motion, at 2). Petitioner further states that § 2255 is inadequate or ineffective as to his claim, since it is based on an intervening change in the law, giving him no remedy with the sentencing court. Petitioner argues that his sentence should therefore be corrected to reflect a sentence within the applicable sentencing range for an offense level nine below the level the sentencing court used.

## LEGAL STANDARD

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at

7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

Petitioner objects to Magistrate Judge Blewitt's determination that Petitioner is not entitled to challenge his sentence through a petition for writ of habeas corpus under 28 U.S.C. § 2241.

Generally, a federal prisoner challenging the validity of his sentence must make a collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. *See In re Dorsainvil*, 119 F.3d 245, 248-49 (3d Cir. 1997). However, a prisoner may challenge his sentence by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 where it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (2001); *see also Dorsainvil*, 119 F.3d at 248-49. In the present case, Petitioner has filed a habeas petition under § 2241 requesting that his sentence be found unconstitutional and arguing that the avenues for relief available to him under § 2255 are inadequate or ineffective.

The Third Circuit Court of Appeals has held that a motion under § 2255 is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *See Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *see also United States v. Brooks,* 230 F.3d 643, 648 (3d Cir. 2000). A motion is not inadequate or ineffective where a prisoner is simply unable to meet § 2255's gate keeping requirements. *See Dorsainvil*, 119 F.3d at 251.

In *Dorsainvil*, a prisoner who filed an initial petition challenging his conviction under § 2255, and was denied, attempted to file a second petition under § 2241 after the United States Supreme Court ruled that the law he was convicted under was unconstitutional. *See id.* at 251. The Third Circuit Court of Appeals held that § 2255's "inadequate or ineffective" requirement was met due to the petitioner's "unusual position," noting that "[o]ur holding . . . is a narrow one." *See id.* at 251-52. The Third Circuit Court of Appeals has since noted that the *Dorsainvil* exception is limited to situations in which an intervening change in the law has "potentially made the crime for which the petitioner was convicted non-criminal." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002).

In the present case, the intervening changes in law cited by Petitioner would not decriminalize the conduct with which Petitioner was charged. The Third Circuit Court of Appeals has held that, as *Apprendi* did not render the crime for which the petitioner was convicted not criminal, it does not fall within the *Dorsainvil* exception. *See Okereke,* 307 F.3d at 120-21; *see also Brown v. Mendez,* 167 F. Supp. 2d 723, 728 (M.D. Pa. 2001).

As Magistrate Judge Blewitt correctly determined, Petitioner cannot demonstrate that the avenues for relief available to him under § 2255 are inadequate or ineffective, and, therefore, Petitioner is not entitled to challenge his sentence through a petition for writ of habeas corpus under 28 U.S.C. § 2241. As such, Petitioner's Habeas Corpus Petition will be dismissed for lack of jurisdiction.

## CONCLUSION

Petitioner's Objections to the Magistrate's Report and Recommendation (Doc. 5) will be overruled and the Court will adopt the Report and Recommendation (Doc. 4).

Therefore, Petitioner's Habeas Corpus Petition will be dismissed for lack of jurisdiction.

An appropriate Order follows.

| | |
|---|---|
| December 8, 2005 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SANG LI, | |
| Plaintiff, | NO. 3:05-CV-0279 |
| v. | |
| CRAIG APKER, | (JUDGE CAPUTO) |
| Defendant. | |

### ORDER

**NOW**, this ___8th___ day of December, 2005, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 4) for clear error or manifest injustice, **IT IS HEREBY ORDERED** that:

(1) Petitioner's Objections to the Magistrate's Report and Recommendation (Doc. 5) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 4) is **ADOPTED**.

(3) Petitioner's Habeas Corpus Petition is **DISMISSED**.

(4) The Clerk of Court shall mark this case **CLOSED**.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge